IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARCO GONZALEZ**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**FAST CASUAL PARTNERS, LLC**, *doing business as* **MOE'S SOUTHWEST GRILL**, and **LEE DIPRIZITO**,<br><br>Defendants. | Civil Case No. |

**COLLECTIVE AND CLASS ACTION
COMPLAINT WITH JURY DEMAND**

Plaintiff Marco Gonzalez, individually and on behalf of all others similarly situated, by and through his attorneys JTB Law Group, LLC, hereby brings this Collective and Class Action Complaint against Defendants Fast Casual Partners**,** LLC, doing business as Moe's Southwest Grill, and Lee Diprizito, and alleges upon information and belief, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime wages, unlawfully kept tips, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for himself and all other similarly situated Rule 23 class members to recover unpaid overtime wages, unlawfully kept tips, pre- and post- judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq.*

1

3. Defendants operate and own a number of franchised stores of Moe's Southwest Grill restaurant in the States of New Jersey and New York.

4. Plaintiff and the putative FLSA collective and Rule 23 class members were hourly-paid restaurant workers who were victims of Defendant's common unlawful policies in violation of the FLSA and NJWHLR.

5. Specifically, Defendants required these hourly-paid restaurant workers to perform work for over forty (40) hours a week. To the extent Defendants paid hourly-paid restaurant workers for hours in excess of forty (40) in a workweek, such payments were made at their regular hourly rates, rather than time-and-a-half of that rate as required by the FLSA and NJWHLR.

6. Further, Defendants unlawfully kept the credit card tips and catering tips without distributing them to the hourly-paid restaurant workers, in violation of the FLSA and NJWHLR.

7. As a result of Defendants' common unlawful policies, these hourly-paid restaurant workers were not compensated overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week; and they were divested of their rightfully earned tips.

8. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All hourly-paid restaurant workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid restaurant workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10. Plaintiff asserts the NJWHLR claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid restaurant workers employed by Defendants in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

11. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

1. Defendant Fast Casual Partners**,** LLC, doing business as Moe's Southwest Grill ("Fast Casual Partners"), is a for-profit entity created and existing under and by virtue of the laws of the State of New Jersey.

2. Fast Casual Partners maintains a principal mailing address at 476 Lafayette Ave, Wyckoff, New Jersey 07481.

3. Defendant Lee Diprizito is the owner, shareholder and officer of Fast Casual

Partners.

4. Defendants operate and own at least eight (8) franchised stores of Moe's Southwest Grill restaurant in following locations:

- New Jersey: Clifton, Mahwah, Paramus, Mays Landing, Pompton Plains and Toms River; and
- New York: Nanuet and 6th Ave. in New York City.

5. Plaintiff Marco Gonzalez is a resident of the County of Bergen and State of New Jersey.

6. Mr. Gonzalez was employed by Defendants as an hourly-paid employee from approximately September 2017 to July 2018.

7. Mr. Gonzalez was an hourly-paid shift manager from approximately September 2017 to April 2018 at the Defendants' 380 Ridge Rd. Mahwah, NJ 07430 location.

8. Mr. Gonzalez was an hourly-paid assistant store manager from approximately May 2018 to July 2018 at the Defendants' 75 Rt. 17 South, Paramus, NJ 07652 location.

9. Mr. Gonzalez's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

10. Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

11. Defendants have generated over $500,000.00 in revenue per year.

12. Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. Defendants have engaged in ordinary commercial activities within the meaning

of the FLSA that result in sales made or business done.

14. Defendants were the "employer" of the hourly-paid restaurant workers including Plaintiff within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a.

15. The hourly-paid restaurant workers including Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1), N.J.S.A. 34:11-56a1(h) and N.J.S.A. 34:11-4.1b.

16. Defendants "suffered or permitted" the hourly-paid restaurant workers including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) and N.J.S.A. 34:11-56a1(f).

17. Defendants, directly or indirectly, hired the hourly-paid restaurant workers including Plaintiff and determined the rate and method of the payment of their wages.

18. Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the hourly-paid restaurant workers including Plaintiff.

19. Defendants established payroll on a bi-weekly basis.

20. Defendant required hourly-paid restaurant workers to perform work for over forty (40) hours a week.

21. To the extent Defendants paid hourly-paid restaurant workers for hours in excess of forty (40) in a workweek, such payments were made at their regular hourly rates, rather than time-and-a-half of that rate as required by the FLSA and NJWHLR.

22. While employed by Defendants, Plaintiff regularly worked approximately six (6) days a week.

5

23. While employed by Defendants, Plaintiff regularly worked over forty (40) hours a week.

24. Plaintiff's final hourly rate was $13.00 before he was separated from the company.

25. Plaintiff regularly shared cash tips paid by customers with other hourly-paid restaurant workers.

26. Plaintiff regularly received cash tips of approximately $50 during each bi-weekly payroll period.

27. To the extent Defendants paid Plaintiff for hours in excess of forty (40) in a workweek, such payments were made at his regular hourly rate, rather than time-and-a-half of that rate as required by the FLSA and NJWHLR.

28. As a result of Defendants' common unlawful policies, the hourly-paid restaurant workers were not compensated overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

29. While employed by Defendants, the hourly-paid restaurant workers including Plaintiff shared and received cash tips paid by customers.

30. However, Defendants retained the credit card tips and catering tips paid by customers without distributing them to the hourly-paid restaurant workers, in violation of the FLSA and NJWHLR.

31. The hourly-paid restaurant workers have been subjected to the common unlawful policies and practices of Defendants as stated herein that violated the FLSA and NJWHLR.

32. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative

regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

33. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates all previous paragraphs herein.

35. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid restaurant workers who have been affected by Defendants' common policies and practices which include failing to properly pay overtime wages and unlawfully retaining tips, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

*36.* Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid restaurant workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

37. Plaintiff brings this collective action against Defendants to recover unpaid overtime wages, unlawfully kept tips, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

38. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

39. Plaintiff seeks to send Notice to all hourly-paid restaurant workers of Defendants

permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

40. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful practices and policies as stated herein and their claims are based upon the same factual and legal theories.

41. The employment relationships between Defendants and every collective member are the same and differ only by name, location, and rate of pay.

42. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

43. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

44. Plaintiff re-alleges and incorporates all previous paragraphs herein.

45. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf all hourly-paid restaurant workers who have been affected by Defendants' common policies and practices which include failing to properly pay overtime wages and unlawfully retaining tips, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq*.

46. Plaintiff brings this Rule 23 class action as to the NJWHLR claims on behalf of:

> *All hourly-paid restaurant workers employed by Defendants in the State of New Jersey at any time from two (2) years prior to the*

> *filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

47. Plaintiff brings this Rule 23 class action as to the NJWHLR claims against Defendants to recover unpaid overtime time wages, pre- and post- judgment interest, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

48. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

49. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week; and whether Defendants unlawfully retained tips without distributing them to the Rule 23 class members.

50. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

51. Plaintiff was employed by Defendants in the same capacity as all of the class

members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

52. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

53. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

54. Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**[Failure to Pay Overtime Wages]**

55. Plaintiff re-alleges and incorporates all previous paragraphs herein.

56. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

57. Plaintiff regularly worked more than forty (40) hours per week.

58. Defendants failed to properly compensate Plaintiff for all hours worked as alleged herein.

59. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

60. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

61. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

62. As a result of Defendants' uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**[Failure to Pay Overtime Wages]**

63. Plaintiff re-alleges and incorporates all previous paragraphs herein.

64. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

65. Plaintiff and the FLSA collective members regularly worked more than forty (40) hours per week.

66. Defendants failed to properly compensate Plaintiff and the FLSA collective members for all hours worked as alleged herein.

67. Defendants failed to properly pay Plaintiff and the FLSA collective members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

68. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

69. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

70. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claims)
### Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a, *et seq.*
### [Failure to Pay Overtime Time Wages]

71. Plaintiff re-alleges and incorporates all previous paragraphs herein.

72. Plaintiff regularly worked more than forty (40) hours per week.

73. Defendants failed to properly compensate Plaintiff for all hours worked as alleged herein.

74. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less

than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

75. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

76. As a result of Defendants' uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claims)
### Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a, *et seq.*
### [Failure to Pay Overtime Time Wages]

77. Plaintiff re-alleges and incorporates all previous paragraphs herein.

78. Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours per week.

79. Defendants failed to properly compensate Plaintiff the Rule 23 class members for all hours worked as alleged herein.

80. Defendants failed to properly pay Plaintiff the Rule 23 class members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

81. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

82. As a result of Defendants' uniform and common policies and practices described above, Plaintiff the Rule 23 class members were illegally deprived of overtime wages earned, in

such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT V
### (**29 U.S.C. § 216(b) Individual Claims**)
### <u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>
### <u>[Unlawful Tip Retention]</u>

83. Plaintiff re-alleges and incorporates all previous paragraphs herein.

84. Pursuant to the amendment to the Fair Labor Standards Act (FLSA) in the omnibus budget bill, "Consolidated Appropriations Act, 2018," enacted on March 23, 2018, employers "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

85. Fact Sheet # 15 of the U.S. Department of Labor concerning the application of the FLSA to employees who receive tips provides that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit." *See* Fact Sheet # 15 (Revised April 2018).

86. Plaintiff regularly received more than $ 30 a month in cash tips.

87. Defendants retained the credit card tips and catering tips paid by customers without distributing them to Plaintiff, in violation of the FLSA.

88. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

89. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

90. As a result of Defendants' uniform and common policies and practices described

above, Plaintiff was illegally deprived of tips earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT VI
(**29 U.S.C. § 216(b) Collective Action Claims**)
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
**[Unlawful Tip Retention]**

91. Plaintiff re-alleges and incorporates all previous paragraphs herein.

92. Pursuant to the amendment to the Fair Labor Standards Act (FLSA) in the omnibus budget bill, "Consolidated Appropriations Act, 2018," enacted on March 23, 2018, employers "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

93. Fact Sheet # 15 of the U.S. Department of Labor concerning the application of the FLSA to employees who receive tips provides that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit." *See* Fact Sheet # 15 (Revised April 2018).

94. Plaintiff and the FLSA collective members regularly received more than $ 30 a month in cash tips.

95. Defendants retained the credit card tips and catering tips paid by customers without distributing them to Plaintiff and the FLSA collective members, in violation of the FLSA.

96. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

97. Because Defendants willfully violated the FLSA, a three (3) year statute of

limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

98. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of tips earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT VII
### (Individual Claims)
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**[Unlawful Tip Retention]**

99. Plaintiff re-alleges and incorporates all previous paragraphs herein.

100. N.J.S.A.12:56-8.4 (b) provides that "[g]ratuities shall be the property of the tipped employee."

101. Plaintiff regularly received more than $ 30 a month in cash tips.

102. Defendants retained the credit card tips and catering tips paid by customers without distributing them to Plaintiff, in violation of the NJWHLR.

103. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

104. As a result of Defendants' uniform and common policies and practices described above, Plaintiff was illegally deprived of tips earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT VIII
### (Fed R. Civ. P. 23 Class Action Claims )
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**[Unlawful Tip Retention]**

105. Plaintiff re-alleges and incorporates all previous paragraphs herein.

106. N.J.S.A.12:56-8.4 (b) provides that "[g]ratuities shall be the property of the tipped employee."

107. Plaintiff and the Rule 23 class members regularly received more than $ 30 a month in cash tips.

108. Defendants retained the credit card tips and catering tips paid by customers without distributing them to Plaintiff and the Rule 23 class members, in violation of the NJWHLR.

109. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

110. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of tips earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NJWHLR, and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NJWHLR claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime compensation, unlawfully kept tips and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime compensation, unlawfully kept tips and

pre- and post- interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M) An award for reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NJWHLR;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: September 13, 2018         /s/ *Jason T. Brown*
                                  Jason T. Brown
                                  Nicholas Conlon
                                  Ching-Yuan Teng (*pro hac vice* pending)
                                  **JTB LAW GROUP, LLC**
                                  155 2nd St., Suite 4
                                  Jersey City, NJ 07302
                                  T: (877) 561-0000
                                  F: (855) 582-5297
                                  jtb@jtblawgroup.com
                                  nicholasconlon@jtblawgroup.com
                                  tonyteng@jtblawgroup.com

                                  *Attorneys for Plaintiff*